UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RAUL JIMENEZ DE LOS SANTOS,                                19-CV-3007

                  Plaintiff,

     - against -                                                            **COMPLAINT**

LOCO FURNITURE CORP, LOCO FURNITURE OF NY,
INC., LOCO FURNITURE OF BRONX, INC., DISCOUNT
KING FURNITURE WHOLESALE CORP., NAWRAS
ARBID, *Individually*, SALWA ALSHOUFI, *Individually*, and
SHAWKAT HARB, *Individually*,

                  Defendants.
-------------------------------------------------------------------------X

Plaintiff, RAUL JIMENEZ DE LOS SANTOS, by his attorneys, LAW OFFICE OF YURIY MOSHES, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay minimum wage and overtime wages due and owed for hours worked in excess of forty (40) hours per workweek. As a result of Defendants' violation of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

2. Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195, *et seq.,* and seeks to redress the damages he has suffered as a result of

Defendants' failure to give him written notice of wage rates and paystubs, including, inter alia, his rate of pay.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6. That at all times relevant hereto, Plaintiff RAUL JIMENEZ DE LOS SANTOS ("JIMENEZ") was a resident of the State of New York and the County of Bronx.

7. That at all times relevant hereto, Defendant LOCO FURNITURE CORP ("LOCO CORP") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 2510 Valentine Avenue, Bronx, New York 10458.

8. That at all times relevant hereto, Defendant LOCO FURNITURE OF NY, INC. ("LOCO NY") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 1-9 West Fordham Road, Bronx, New York 10468.

9. That at all times relevant hereto, Defendant LOCO FURNITURE OF BRONX, INC.

("LOCO BRONX") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 2510 Valentine Avenue, Bronx, New York 10458.

10. That at all times relevant hereto, Defendant DISCOUNT KING FURNITURE WHOLESALE CORP. ("DISCOUNT KING") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 2510 Valentine Avenue, Bronx, New York 10458.

11. That at all times relevant hereto, Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING owned, operated, and maintained furniture stores named "Loco Sam Furniture" and "Loco Furniture" with locations at 2510 Valentine Avenue Bronx, New York 10458 and 1-9 W Fordham Road, Bronx, New York 10468.

12. That at all times relevant hereto, Plaintiff JIMENEZ was a full-time employee of Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING.

13. That at all times relevant hereto, Defendant NAWRAS ARBID ("ARBID") was an employee of Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING, holding the position of "Owner."

14. That at all times relevant hereto, Defendant ARBID was Plaintiff JIMENEZ's supervisor and/or had supervisory authority over Plaintiff JIMENEZ.

15. That from on or about March 15, 2014 to on or about August 10, 2014, Defendant ARBID owned, operated, and maintained furniture stores named "NY Furniture" with locations at 2510 Valentine Avenue Bronx, New York 10458 and 1-9 W Fordham Road, Bronx, New York 10468.

16. That at all times relevant hereto, Defendant SHAWKAT HARB ("HARB") was an

3

employee of Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING, holding the position of "Owner."

17. That at all times relevant hereto, Defendant SALWA ALSHOUFI ("ALSHOUFI") was an employee of Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING, holding the position of "Manager."

18. That at all times relevant hereto, Defendant ALSHOUFI was Plaintiff JIMENEZ's supervisor and/or had supervisory authority over Plaintiff JIMENEZ.

19. That at all times relevant hereto, Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING are "integrated employers," as they have common management, share financial control of each company, share centralized control of labor relations, and share employees.

20. That at all times relevant hereto, Defendants LOCO CORP, LOCO NY, LOCO BRONX, and DISCOUNT KING, Defendant ARBID, Defendant HARB, and Defendant ALSHOUFI are collectively referred to herein as "Defendants."

21. At all times relevant hereto, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff JIMENEZ.

22. At all times relevant hereto, Defendants had the power to, and did in fact, establish the terms of Plaintiff JIMENEZ's employment, including Plaintiff JIMENEZ's schedule and rate of pay.

23. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

24. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. §791.2 for the violations complained of herein.

25. Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

26. Further, upon information and belief, during Plaintiff JIMENEZ's employment with Defendants, Plaintiff JIMENEZ routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## MATERIAL FACTS

27. On or about March 15, 2014, Plaintiff JIMENEZ began working for Defendants as a "Salesperson."

28. Throughout Plaintiff JIMENEZ's employment, Plaintiff JIMENEZ was an exemplary employee, was never disciplined, and always received compliments for his work performance.

29. At all times relevant hereto, the work performed by Plaintiff JIMENEZ required no capital investment.

30. At all times relevant hereto, Plaintiff JIMENEZ did not have any supervisory or managerial responsibilities.

31. Insofar as is relevant, from on or about December 31, 2013 to on or about December 30, 2014, the New York State minimum wage was $8.00 per hour.  From on or about

December 31, 2014 to on or about December 30, 2015, the New York State minimum wage was $8.75 per hour. From December 31, 2015 to December 30, 2016, the New York State minimum wage was $9.00 per hour. From on or about December 31, 2016 to on or about December 30, 2017, the New York State minimum wage for employers with eleven (11) or more employees in New York City was $11.00 per hour. From on or about December 31, 2017 to on or about December 30, 2018, the New York State minimum wage for employers with eleven (11) or more employees in New York City was $13.00 per hour.

32. From on or about March 15, 2014 to on or about December 30, 2014 ("the 2014 period"), Plaintiff JIMENEZ worked for Defendants six (6) days per week from 10:00am to 8:00pm. Accordingly, Plaintiff JIMENEZ worked sixty (60) hours per week during the 2014 period.

33. However, during the 2014 period, Defendants consistently failed to pay Plaintiff JIMENEZ at the minimum wage rate for all hours worked up to forty (40) hours per week.

34. Further, as Plaintiff JIMENEZ was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the twenty (20) hours of overtime that Plaintiff JIMENEZ worked each week. However, although Defendants required Plaintiff JIMENEZ to work sixty (60) hours each week, Defendants wholly failed to compensate Plaintiff JIMENEZ at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

35. By way of example, during the 2014 period, at the end of each week, rather than paying

Plaintiff JIMENEZ for forty (40) hours at the minimum hourly wage rate of $8.00 and twenty (20) hours at his overtime hourly rate of $12.00 for a total of five-hundred and sixty dollars ($560.00), Defendants instead always paid Plaintiff JIMENEZ two-hundred and fifty dollars ($250.00).

36. During the 2014 period, Plaintiff JIMENEZ worked approximately forty (40) weeks.

37. Thus, during the 2014 period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff JIMENEZ approximately three-hundred and ten dollars ($310.00) in wages each week, for a total of **$12,400.00** ($310.00 x 40 weeks).

38. From on or about December 31, 2014 to on or about December 30, 2015 ("the 2015 period"), Plaintiff JIMENEZ worked for Defendants six (6) days per week from 10:00am to 8:00pm.  Accordingly, Plaintiff JIMENEZ worked sixty (60) hours per week during the 2015 period.

39. However, during the 2015 period, Defendants consistently failed to pay Plaintiff JIMENEZ at the minimum wage rate for all hours worked up to forty (40) hours per week.  Further, Defendants wholly failed to compensate Plaintiff JIMENEZ at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

40. Specifically, during the 2015 period, at the end of each week, rather than paying Plaintiff JIMENEZ for forty (40) hours at the minimum hourly wage rate of $8.75 and twenty (20) hours at his overtime hourly rate of $13.125 for a total of six-hundred twelve dollars and fifty cents ($612.50), Defendants instead always paid Plaintiff JIMENEZ two-hundred and fifty dollars ($250.00).

41. During the 2015 period, Plaintiff JIMENEZ worked approximately fifty (50) weeks.

42. Thus, during the 2015 period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff JIMENEZ approximately three-hundred sixty-two dollars and fifty cents ($362.50) in wages each week, for a total of **$18,125.00** ($362.50 x 50 weeks).

43. From on or about December 31, 2015 to on or about December 30, 2016 ("the 2016 period"), worked for Defendants six (6) days per week from 10:00am to 8:00pm. Accordingly, Plaintiff JIMENEZ worked sixty (60) hours per week during the 2016 period.

44. However, during the 2016 period, Defendants consistently failed to pay Plaintiff JIMENEZ at the minimum wage rate for all hours worked up to forty (40) hours per week.

45. Further, as Plaintiff JIMENEZ was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the twenty (20) hours of overtime that Plaintiff JIMENEZ worked each week. However, although Defendants required Plaintiff JIMENEZ to work sixty (60) hours each week, Defendants wholly failed to compensate Plaintiff JIMENEZ at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

46. By way of example, during the 2016 period, at the end of each week, rather than paying Plaintiff JIMENEZ for forty (40) hours at the minimum hourly wage rate of $9.00 and twenty (20) hours at his overtime hourly rate of $13.50 for a total of six-hundred and thirty dollars ($630.00), Defendants instead always paid Plaintiff JIMENEZ two-hundred and fifty dollars ($250.00).

47. During the 2016 period, Plaintiff JIMENEZ worked approximately fifty (50) weeks.

48. Thus, during the 2016 period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff JIMENEZ approximately three-hundred and eighty dollars ($380.00) in wages each week, for a total of **19,000.00** ($380.00 x 50 weeks).

49. From on or about December 31, 2016 to on or about December 30, 2017 ("the 2017 period"), Plaintiff JIMENEZ worked for Defendants six (6) days per week from 10:00am to 8:00pm.  Accordingly, Plaintiff JIMENEZ worked sixty (60) hours per week during the 2017 period.

50. However, during the 2017 period, Defendants consistently failed to pay Plaintiff JIMENEZ at the minimum wage rate for all hours worked up to forty (40) hours per week.

51. Further, as Plaintiff JIMENEZ was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the twenty (20) hours of overtime that Plaintiff JIMENEZ worked each week.  However, although Defendants required Plaintiff JIMENEZ to work sixty (60) hours each week, Defendants wholly failed to compensate Plaintiff JIMENEZ at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

52. By way of example, during the 2017 period, at the end of each week, rather than paying Plaintiff JIMENEZ for forty (40) hours at the minimum hourly wage rate of $11.00 and twenty (20) hours at his overtime hourly rate of $16.50 for a total of seven-hundred and seventy dollars ($770.00), Defendants instead always paid Plaintiff JIMENEZ two-hundred and fifty dollars ($250.00).

53. During the 2017 period, Plaintiff JIMENEZ worked approximately fifty (50) weeks.

54. Thus, during the 2017 period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff JIMENEZ approximately five-hundred and twenty dollars ($520.00) in wages each week, for a total of **$26,000.00** ($520.00 x 50 weeks).

55. From on or about December 31, 2017 to on or about August 11, 2018 ("the 2018 period"), Plaintiff JIMENEZ worked for Defendants six (6) days per week from 10:00am to 8:00pm. Accordingly, Plaintiff JIMENEZ worked sixty (60) hours per week during the 2018 period.

56. However, during the 2018 period, Defendants consistently failed to pay Plaintiff JIMENEZ at the minimum wage rate for all hours worked up to forty (40) hours per week.

57. Further, as Plaintiff JIMENEZ was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the twenty (20) hours of overtime that Plaintiff JIMENEZ worked each week. However, although Defendants required Plaintiff JIMENEZ to work sixty (60) hours each week, Defendants wholly failed to compensate Plaintiff JIMENEZ at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

58. By way of example, during the 2018 period, at the end of each week, rather than paying Plaintiff JIMENEZ for forty (40) hours at the minimum hourly wage rate of $13.00 and twenty (20) hours at his overtime hourly rate of $19.50 for a total of nine-hundred and ten dollars ($910.00), Defendants instead always paid Plaintiff JIMENEZ two-hundred and fifty dollars ($250.00).

59. During the 2018 period, Plaintiff JIMENEZ worked approximately thirty (30) weeks.

60. Thus, during the 2018 period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff JIMENEZ approximately six-hundred and sixty dollars ($660.00) in wages each week, for a total of **$19,800.00** ($660.00 x 30 weeks).

61. As a result, due to Defendants' blatant violations of the NYLL and the FLSA, Plaintiff JIMENEZ is owed a total of **$95,325.00** in **unpaid wages** for work performed for Defendants.

62. On or about August 11, 2018, Plaintiff JIMENEZ's employment with Defendants ended.

63. Furthermore, Defendants did not provide Plaintiff JIMENEZ with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

64. Plaintiff JIMENEZ has been damaged by Defendants' failure to pay his lawfully earned wages.

65. Defendants' failure to pay Plaintiff JIMENEZ his earned wages required by law was willful.

66. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff JIMENEZ demands Liquidated Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### MINIMUM WAGE

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

68. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for his employment.

69. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

70. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

71. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## MINIMUM WAGE

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

73. Plaintiff was an employee of Defendants within the meaning of the NYLL.

74. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

75. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

76. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

77. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

78. Defendants' actions were willful.

79. Defendants' failure to comply with the NYLL and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>OVERTIME</u>

80. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

81. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

82. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201, *et seq.*, and its implementing regulations.

83. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207.

84. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

85. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## <u>OVERTIME</u>

86. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

87. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

88. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

89. Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-

2.2.

90. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

91. Defendants' failure to pay proper overtime wages is willful.

92. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS A FIFTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## WAGE NOTICE REQUIREMENT

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

94. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

95. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary

language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

96. Defendants not only did not provide notice to Plaintiff at time of hire, but failed to provide notice to Plaintiff even after the fact.

97. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

## AS A SIXTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## NEW YORK PAYSTUB REQUIREMENT

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

99. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

100. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and did not provide a paystub on or after Plaintiff's payday.

101. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages;

Plaintiff together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and paystubs;

C. Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

D. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and paystubs as required under the NYLL;

E. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
April 4, 2019

By:

**LAW OFFICE OF
YURIY MOSHES, P.C.**

Alex Umansky (AU7961)
*Attorneys for Plaintiff*
322 West 48th Street, 6th Floor
New York, New York 10036
(718) 504-6090
aumansky@mosheslaw.com
