## **NEGOTIATED SETTLEMENT AGREEMENT & RELEASE**

This Negotiated Settlement Agreement and Release ("Agreement") sets forth the mutual understanding between Loco Furniture Corp ("Loco Corp"), Loco Furniture of NY, Inc. ("Loco NY"), Loco Furniture of Bronx, Inc. ("Loco Bronx"), Discount King Furniture Wholesale Corp. ("Discount King"), Nawras Arbid, Salwa Alshoufi, and Shawkat Harb regarding Raul Jimenez De Los Santos' employment and the settlement of their Fair Labor Standards Act and New York Labor Law claims he has or may have concerning his employment at Loco Corp, Loco NY, Loco Bronx, and Discount King.

**WHEREAS**, Raul Jimenez De Los Santos filed a case against in the United States District Court, Southern District of New York, entitled <u>Raul Jimenez De Los Santos v. Loco Furniture Corp, Loco Furniture of NY, Inc., Loco Furniture of Bronx, Inc., Discount King Furniture Wholesale Corp., Nawras Arbid, *Individually*, Salwa Alshoufi, *Individually*, and Shawkat Harb *Individually*</u>, Docket No.: 19-cv-3007 (LTS) (the "Action").

**WHEREAS,** in the Action, Plaintiff asserted, among others, claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") seeking: unpaid minimum and overtime wages, liquidated damages, penalties, interest, attorneys' fees and costs, and statutory damages, for Defendants' purported failure to provide Plaintiff with wage statements and wage notices pursuant to NYLL §195 (together with all other claims Plaintiff has asserted or could assert relating to the payment of the wages and provision of required wage notices and wage statements, the "Wage and Hour Claims");

**WHEREAS,** Defendants in the Action have denied all claims alleged in the Action;

**WHEREAS,** the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Definition of Parties.**

   (a) "Plaintiff" and/or "Releasor" is defined as Raul Jimenez De Los Santos and includes each of his present or former creditors, executors, administrators, heirs, successors and assigns. If an obligation or right is that alone of Raul Jimenez De Los Santos, he will be referred to as "Plaintiff"; and,

   (b) "Defendants" and/or "Released Parties" isdefined to include (i) Loco Corp, (ii) Loco NY, (iii) Loco Bronx, (iv) Discount King, (v) Nawras Arbid, (vi) Salwa Alshoufi, (vii) Shawkat Harb and all of their respective present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and

their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

    2. **Plaintiff's Commitments**. In exchange for the promises set forth in paragraph "4" below, the parties agree as follows:

    (a) Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all claims, whether known or unknown, asserted or unasserted, that has or may have against Released Parties relating to the Wage and Hour Claims existing or which could exist as of the date of the execution of this Agreement. No claim against Released Parties shall survive this Agreement.

    (b) Plaintiff affirms that, as of his execution of this Agreement, he has not filed or caused to be filed any claim of any kind and is not a party to any claim against Released Parties except for the Action pending in the United States District Court Southern District of New York.

    3. **Release of Claims**.

    (a) In consideration for the total payment of Fifteen Thousand Dollars and Zero Cents ($15,000.00) (the "Settlement Payment") as set forth in Paragraph 4 herein, Plaintiff hereby completely, irrevocably and unconditionally releases, waive and forever discharges any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "Released Parties"), whether known or unknown, which against the Released Parties, Plaintiff may now have or hereinafter can, shall or may have from the beginning of time until the date of the complete execution of this Agreement relating to his employment with or his services rendered to Defendants including but not limited to the Wage and Hour Claims, all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for breach of contract, compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, or any other fringe benefit, claims for statutory damages and/or penalties for failing to provide proper wage notices and/or wage statements, any other claims that were or could have been asserted in the Action, and any claim

for attorneys' fees or costs incurred in pursuing these or any other legal claims against any of the Released Parties.

(b)     Consequently, Defendants hereby completely, irrevocably, and unconditionally, release, waive and forever discharge any and all claims, charges, complaints, judgments, debts, or liabilities of any kind against Plaintiff, his present or former creditors, executors, administrators, heirs, successors and assigns, whether known or unknown, which against the Plaintiff, Defendants or Defendants' heirs, executors, administrators, successors, assigns, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities, shall or may have from the beginning of time until the date of the complete execution of this Agreement relating to the Wage and Hour Claims, as defined in Paragraph 3 above, and any other claims that were or could have been asserted in the Action, and any claim for attorneys' fees or costs incurred in pursuing these or any other legal claims against the Plaintiff. Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Released Parties arising out of or relating to any allegation or claim released by this Agreement, unless directed by court order or subpoena.

(b)     <u>Claims Not Released by Plaintiff</u>.   Plaintiff is not waiving any rights he may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement. However, all monies paid hereunder shall be set off against any claim not barred by this Agreement.

(c)     <u>Governmental Agencies</u>.   Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies (and all monies paid hereunder shall be a set-off against any relief or recovery).

(d)     <u>Collective/Class Action Waiver</u>.   If any claim is not subject to a release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties is a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(e)     Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4.     **Consideration**.

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, Defendants in the Action shall cause Plaintiff to be paid the gross total sum of fifteen thousand dollars ($15,000.00) (the "Payment") payable in three (3) equal monthly installments on the 15th day of the first through third months after approval of this Agreement by the Court.

(b) Each monthly installment shall be made in one check payable to "Law Office of Yuriy Moshes, P.C., as attorneys for Plaintiff" in the amount of $5,000.00 for which Defendants will issue an IRS Form 1099 (the "Settlement Checks").

(c) The Settlement Checks will be sent to Plaintiff's attorneys, Alex Umansky, Law Office of Yuriy Moshes, P.C., 322 West 48th Street, 6th Floor, New York, NY 10036, after the Court's approval of the Agreement.

(d) The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA and NYLL, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(c) Plaintiff shall be solely responsible for the payment of any taxes owed on the 1099 portion of the Payment. Plaintiff represents that no tax advice has been given to him by Released Parties or their representatives and understands that Released Parties make no representation or guarantee as to the tax consequences of these payments. Plaintiff hereby agrees to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiff for any failure by him to properly report the payment.

(d) In the event Released Parties are in default of any payment in paragraph 1(a) of this Agreement, Releasor shall provide seven (7) calendar days written notice to Released Parties via E-mail and/or facsimile sent to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, fax number: (516) 328-0082, of the default. If Released Parties do not cure the defect within seven (7) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

5. **Settlement Approval.** Plaintiff shall file a motion seeking the Court's approval of this Agreement. This Agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiff's claims, with prejudice.

6. **No Other Entitlement.**

(a) Plaintiff further affirms that he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he is entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits is due to him from Released Parties; (ii) has been paid in full for all hours worked; and (iii) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph "4" of this Agreement.

(b)     Plaintiff further affirms that he has no known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued against Released Parties as of the date of execution of this Agreement.

7.     **Non-Admission of Wrongdoing.**   Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties.  Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Released Parties' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever.

8.     **Confidentiality.**

(a)     Plaintiff shall not, except as compelled by law, publicize or disclose to any person any financial terms of this Agreement including Plaintiff's receipt of the Payment hereunder. Other than as required by law or governmental agency, no such disclosure will be made to anyone by Plaintiff other than to discuss the terms hereof with his current attorney (Law Office of Yuriy Moshes, P.C.), spouse or tax advisor (all of whom must first agree not to make any disclosure Plaintiff themselves could not make).

(b)     Plaintiff affirms that, as of the date of execution hereof, he has not told any current or former employees of Released Parties about the terms, conditions or amount to be paid under this Agreement and covenants not to do so.

(c)     Plaintiff understands and agrees that any violation of this covenant of confidentiality, whether by Plaintiff or by an individual to whom limited disclosure is authorized pursuant to Paragraph 8(a), shall constitute a material breach of this Agreement, which will cause Released Parties to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement).

(d)     In the event Plaintiff believes he is compelled by law to provide or disclose information described in this paragraph, notice of such request for disclosure shall be sent promptly (but in no event less than ten business days in advance of any disclosure), via email, to counsel for Released Parties at the following email address: joe@mllaborlaw.com

(e)     The terms of this agreement may be disclosed to any Court in order to enforce the terms hereof, except that the party seeking to disclose the terms of this agreement to the Court shall make a motion, on notice, to file any pleading, motion, or other document disclosing the terms of this agreement under seal.  Only in the event that the motion to file under

seal is denied may the party seeking to enforce the terms of this agreement disclose the terms of this agreement to the Court.

9. **Representations and Acknowledgements.**

(a) Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of all claims.

(b) Plaintiff understands and agrees that he has been advised to consult with his attorneys before signing this Agreement.

(a) Plaintiff understands and agrees that he has been advised by Defendants that he has seven (7) days after signing this Agreement to change his mind and to revoke this agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by any party for any purpose. If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered or mailed to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 and postmarked within seven (7) days of said Plaintiff's execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

(b) Plaintiff will not directly or indirectly (through a third party) solicit any individuals to commence a lawsuit or administrative proceeding against Released Parties.

10. **Severability and Modification.** If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the general and unlimited release of all claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any claim Releasor may assert against Released Parties; (ii) Plaintiff shall execute an enforceable general and unlimited release of all claims on behalf of Releasor against Released Parties without receiving additional consideration.

11. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

12. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this

Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

14. **Entire Agreement.**

(a) This Agreement represents the complete understanding among the Parties with respect to all claims and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Releasor may have against Released Parties;

(b) No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only as provided in paragraph 12, above, or by a written document, signed by Plaintiffs that recites the specific intent to modify this Agreement;

(c) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(d) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

15. **Non-Disparagement.** Plaintiff agrees to not defame, disparage or demean Released Parties in any manner whatsoever. Defendants' owners agree not to defame, disparage, or demean Plaintiff in any manner whatsoever. In addition, Released Parties agree that it shall provide a neutral reference in response to any inquiry regarding Plaintiff, confirming only positions held and dates worked.

16. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasor.

17. **Facsimile and Scanned Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

18. **Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Law Office of Yuriy Moshes, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties. Plaintiff selected his counsel voluntarily;

(b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Releasor, and Released Parties until after authorized agents of the Companies execute the Agreement and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: July 26th, 2019   By: _____
                              RAUL JIMENEZ DE LOS SANTOS

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF Bronx     )

On the 26th day of July in the year 2019, before me, the undersigned notary public, Raul Jimenez De Los Santos personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
JENNY FREDA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FR6209451
Qualified in Bronx County
My Commission Expires 07-27-2021

_____
Signature and Office of individual
taking acknowledgment

LOCO FURNITURE CORP

8

Dated: 7/24, 2019         By: Shawkat Harb
                              _____
                              LOCO FURNITURE OF NY, INC.

Dated: 7/24, 2019         By: _____
                              LOCO FURNITURE OF BRONX, INC.

Dated: 7/24, 2019         By: _____
                              DISCOUNT   FURNITURE   WHOLESALE
                          CORP.

Dated: 7/25, 2019         By: Nawras Arbid
                              _____

Dated: 7/25, 2019             _____
                              Nawras Arbid, Individually

Dated: 7-25, 2019             _____
                              Salwa Alshoufi, Individually

Dated: 7/24, 2019             _____
                              Shawkat Harb, Individually

9